# EXHIBIT C

Mr. Ben E. King
1301 Princeton Road
Teaneck, NJ 07666


**Artists Rights Enforcement Corporation**
1430 Broadway-Suite 505
New York, NY 10018

**Attention Chuck Rubin**

July 31, 2014


Dear Mr. Rubin:


This letter describes the terms on which I am retaining Artist's Rights Enforcement Corporation ("AREC") to provide professional services to me in connection with songs co-written by me; to wit, "There Goes My Baby and "Stand By Me", and such other of my songs as we may mutually agree to add to the two referenced above.

The work we have agreed you will perform for me will include (a) administering, as more specifically set forth below, my share(s) of the United States copyrights in the songs referenced above as may be recovered for me by my attorneys and/or (b) negotiation of the sale of my shares of the United States copyrights in any recovered songs referenced above as I may determine that I wish to sell

You have agreed to perform these services for me on a purely contingent basis; that is, you will be entitled to receive ten percent (10%) of the total amount I receive from the sale of each share of the United States copyright in each recovered song I co-wrote that you arrange to sell. However, if I, at my sole option, decide to keep my ownership share of any or all of such recovered songs rather than sell them, you shall be entitled to receive ten percent (10%) of my ownership share and ten percent (10%) of all monies I receive as co-publisher of the recovered song or songs (including publisher performance income from BMI and similar organizations) for the remaining term of United States copyright in each such recovered song or songs I choose not to sell; except that I may choose to have my publishers share of public performance income (net, after deductions such public performance income that may be due you hereunder) collected by BMI and similar organizations paid directly to me.

In the event I decide to keep my ownership share of any such songs, by this agreement I hereby appoint AREC as my attorney in fact solely for the purpose of collecting and depositing my share of publisher royalties for such recovered song or songs into AREC's escrow account. You agree to distribute such funds (after they have cleared) as I direct after taking only your 10% share and no other deductions.. You also agree that in no event will you be entitled to receive any portion of my writer royalties derived from such recovered song or songs.

You also agree that you will not be entitled to receive any compensation for any song I co-wrote for which my attorneys are unable to recover a portion of the United States copyright for me. You further agree that the writer's share of all income from any recovered song, including public performance income from BMI (and similar organizations), will continue to be paid directly to me. Finally, we both agree that you will not be required to perform audits under the terms of this retainer. However, if I want to conduct an audit, you will recommend a royalty auditor for me to use, who I may or may not use as I alone will determine.

In addition to your contingent compensation, I agree that you may deduct "from the top" your actual and reasonable expenses, if any, from my publisher's share of any monies that may be recovered for me expended in connection with the recovery of any United States copyrights hereunder, not to exceed an aggregate of $500.

To the extent that my attorneys may approve of the same, I will retain Ross Charap, Esq. to assist in your efforts hereunder; provided that he shall look to you for payment of his fee and that I shall have no responsibility therefor.

If these terms are acceptable to you, please sign and return this letter to me. I look forward to working with you.

Very truly yours,

Ben E. King

Accepted By:
ARTIST'S RIGHTS ENFORCEMENT CORP.

By: _____
Chuck Rubin